THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TRUE HOMES, LLC,

    Plaintiff,

vs.

CMH MANUFACTURING, INC. and
CMH SERVICES, INC.,

    Defendants.

Civil Action No. 3:18-cv-345

**COMPLAINT**

Plaintiff True Homes, LLC ("True Homes"), a Delaware limited liability company, by its undersigned attorneys, files this Complaint against Defendants CMH Manufacturing, Inc. and CMH Services, Inc. (collectively "CMH") both Tennessee corporations, and alleges as follows:

## Nature of Action

1. Since at least January 2008, Plaintiff True Homes has constructed and sold residential homes in connection with the mark TRUE HOMES®.

2. In 2012, True Homes filed for registration of its longstanding TRUE HOMES® mark with the United States Patent and Trademark Office, and was granted registration of its mark on May 31, 2016.

3. CMH constructs modular/mobile homes. Shortly after a series of in-depth business discussions between True Homes and CMH in 2016, CMH, without authorization from True Homes, began marketing and selling modular/mobile homes under the name TRU HOMES.

4. This is an action for trademark infringement, unfair competition, and unfair business practices under the Trademark Act of 1946, 15 U.S.C. §§ 1051 et seq. (2009) ("Lanham Act"), and unfair and deceptive trade practices under North Carolina General Statutes §75-1.1 *et seq.*

## Parties

5. Plaintiff True Homes is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 2649 Brekonridge Centre Dr. Monroe, NC 28110.

6. Upon information and belief, Defendants CMH Manufacturing and CMH Services are corporations organized and existing under the laws of the State of Tennessee, with principal places of business at 5000 Clayton Rd. Maryville, TN 37804.

## Jurisdiction and Venue

7. This Court has subject matter jurisdiction over the Lanham Act claims under 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a), and over the related state- and common-law claims under 28 U.S.C. §§ 1338 and 1367.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

9. This Court has personal jurisdiction over CMH, and venue is proper because, among other things and upon information and belief, (a) CMH has marketed, offered for sale, and sold homes under the TRU

HOMES name within the State of North Carolina; (b) CMH regularly conducts business within the State of North Carolina; and (c) CMH has otherwise made regular and established contacts within the State of North Carolina.

## General Allegations

### True Homes' Protected Trademark

10. True Homes has continuously constructed and sold residential homes under the trademark TRUE HOMES® from its inception in 2008 to the present.

11. True Homes has grown into one of the nation's largest homebuilders, and has earned a reputation for building high-quality homes.

12. On July 31, 2013, True Homes filed for federal registration of its TRUE HOMES® trademark with the United States Patent and Trademark Office. On May 31, 2016 the Trademark Office granted True Homes a trademark registration for the TRUE HOMES® mark—U.S. Registration No. 4,967,069—in connection with residential

building construction. A copy of the TRUE HOMES® certificate of registration is attached hereto as Exhibit A.

13. Since its inception, True Homes has spent millions of dollars promoting the TRUE HOMES® trademark.

14. As a result of True Homes' extensive and continuous use and promotion of the TRUE HOMES® trademark, True Homes has built up, and now owns, extremely valuable goodwill that is symbolized by and concomitant with the TRUE HOMES® trademark.

15. The purchasing public has come to favorably associate the TRUE HOMES® trademark as an indicator of source for True Homes' quality residential homes.

**CMH's Subsequent Use of a Virtually Identical Name**

16. Upon information and belief, CMH is engaged in the manufacture and sale of modular/manufactured single-family residential homes.

17. Through late summer and fall of 2016, representatives from True Homes and CMH engaged in exploratory business discussions regarding True Homes, its holdings, finances and operations.

18. In furtherance of those discussions, True Homes and CMH Parks, Inc., an affiliate of CMH, executed a non-disclosure agreement effective August 22, 2016.

19. The discussions did not result in any agreement between the parties, and concluded in early September 2016.

20. Nonetheless, CMH acquired confidential and proprietary knowledge of True Homes, its operations and the value of the TRUE HOMES® trademark at least as early as July 2016.

21. Less than two weeks after concluding the unsuccessful discussions with True Homes, and in blatant disregard for True Homes' rights, CMH applied to register the name TRU HOMES.

22. Indeed, email communications between the principals of True Homes and CMH occurred just two days prior to CMH's application for registration of name TRU HOMES. Registration of the name TRU HOMES was granted for use with manufactured and modular non-metal homes on October 3, 2017.

23. Shortly after filing its application, in November 2016, CMH registered the domain name www.owntruhomes.com.

24. Upon information and belief, CMH began designing, manufacturing, marketing, promoting, offering for sale, and selling modular/manufactured homes under the name TRU HOMES in December 2017.

25. In marketing and branding the name TRU HOMES (see Exhibit B), CMH has closely mimicked True Homes' marketing and branding of its TRUE HOMES® trademark (see Exhibit C).

26. Upon information and belief, CMH continues to design, manufacture, market, promote, offer for sale, and sell modular/manufactured homes under the name TRU HOMES.

27. Upon information and belief, CMH knowingly, willfully, intentionally, and maliciously adopted and uses the name TRU HOMES as a confusingly similar mark to Plaintiff's TRUE HOMES® trademark.

## Count One
## Federal Trademark Infringement

28. The allegations contained in the preceding paragraphs are realleged and incorporated herein by reference.

29. CMH's use of the name TRU HOMES is likely to cause confusion with Plaintiff's TRUE HOMES® trademark, and is likely to

create the false and misleading impression that CMH's goods under the name TRU HOMES are manufactured or distributed by Plaintiff True Homes.

30. CMH's use of the name TRU HOMES is confusingly similar to Plaintiff's federally registered mark—TRUE HOMES®—in violation of 15 U.S.C. § 1114.

31. CMH's activities are, and unless enjoined by the Court, will continue to, cause a likelihood of confusion, deceive the public, and injure True Homes' goodwill and value associated with its TRUE HOMES® trademark, for which True Homes has no adequate remedy at law.

32. By reason of the foregoing, True Homes is entitled to injunctive relief and to recover CMH's profits, actual damages, enhanced profits and damages, costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## Count Two
## Federal Unfair Competition

33. The allegations contained in the preceding paragraphs are realleged and incorporated herein by reference.

34. CMH's use of the name TRU HOMES directly caused and is likely to continue to cause confusion, deception, and mistake in the homebuilding marketplace by creating the false impression that CMH's manufactured/modular homes are constructed by True Homes or that True Homes' homes are constructed by CMH, or that True Homes and CMH are affiliated or related.

35. CMH's activities have caused and, unless enjoined by this Court, will continue to cause, substantial harm to True Homes, confusion and deception in the marketplace, and injury to the goodwill and reputation True Homes has built in its TRUE HOMES® trademark, for which it has no adequate remedy at law.

36. CMH's infringing activities are an intentional, willful, and malicious effort to trade on the goodwill and reputation of True Homes' TRUE HOMES® trademark.

37. True Homes is entitled to injunctive relief and to recover CMH's profits, actual damages, enhanced profits and damages, costs

and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

## Count Three
## Unfair and Deceptive Trade Practices

38.  The allegations contained in the preceding paragraphs are realleged and incorporated herein by reference.

39, CMH's activities in registering and using a name practically identical to True Homes registered TRUE HOMES® trademark constitutes unfair and deceptive trade practices pursuant to North Carolina General Statutes §§ 75-1.1 *et. seq*.

## Count Four
## Unfair Competition

40.  The allegations contained in the preceding paragraphs are realleged and incorporated herein by reference.

41.  CMH's activities constitute unfair competition under common law, and have created a likelihood of confusion in the marketplace for which True Homes has suffered irreparable injury with no adequate remedy at law.

42. Upon information and belief, CMH acted with full and direct knowledge of True Homes' rights in the TRUE HOMES® trademark, and in blatant, willful, and intentional disregard for True Homes' rights. CMH intentionally sought to trade on True Homes' goodwill associated with its TRUE HOMES® trademark through the use of the almost identical name TRU HOMES.

43. As a result, True Homes has been damaged in an amount not yet ascertained and is entitled to injunctive relief, to an accounting of CMH's profits, damages, and costs. Further, as a result of CMH's intentional and malicious use of the confusingly similar name TRU HOMES, and to discourage similar activity by CMH in the future, True Homes is entitled to punitive damages.

### Count Five
### Cancellation of the TRU HOMES Registration

44. The allegations contained in the preceding paragraphs are realleged and incorporated herein by reference.

45. Defendant CMH claims ownership of U.S. Registration No. 5303180 for the name TRU HOMES.

U.S. Registration No. 5303180 should be cancelled in accordance with 15 U.S.C. §1119 for the reasons stated herein.

**Prayer for Relief**

WHEREFORE, Plaintiff True Homes, LLC requests that:

1. CMH, their officers, agents, servants, resellers, employees and all persons in concert or participation with CMH in connection with the manufacture, sale, marketing or distribution of the name TRU HOMES be preliminarily and permanently enjoined from:

    a. Advertising, marketing, promoting, offering for sale, distributing, or selling any product or service bearing the name TRU HOMES or any similar name;

    b. Otherwise infringing True Homes' TRUE HOMES® trademark, or otherwise using the name TRU HOMES in connection with any of CMH's goods and services;

    c. Using any trademark, name, logo, design or source designation of any kind on or in connection with CMH's goods and services that is confusingly similar to the TRUE HOMES® trademark; and

d. Diluting the distinctive quality of the TRUE HOMES® trademark.

2. CMH be ordered to cease offering for sale, marketing, and selling any goods and services under the name TRU HOMES, and to recall all materials, goods and services bearing the name TRU HOMES or any confusingly similar version thereof in CMH's possession or that have been shipped under CMH's authority to any other entity, and to deliver to each such entity a copy of this Court's order as it relates to said injunctive relief against CMH;

3. CMH be ordered to deliver up for impoundment and destruction all products, packaging, labels, signs, wrapping, advertising, marketing, sample books, sheathing, and any other materials in the possession, custody or control of CMH that infringe on the TRUE HOMES® trademark or that otherwise unfairly compete with True Homes and its products and services;

4. CMH be ordered to account for and pay as damages to True Homes all profits and advantages derived by CMH from their unfair trade practices, unfair competition, and infringement of the TRUE HOMES® trademark;

5. CMH be ordered to pay treble damages in accordance with North Carolina General Statute § 75-16.

6. Based on CMH's knowing and intentional use of a confusingly similar imitation of the TRUE HOMES® trademark, the damage awarded be trebled and the award of CMH's profits derived therefrom be enhanced as provided by 15 U.S.C. § 1117(a).

7. CMH be ordered to pay True Homes' attorney's fees in accordance with North Carolina General Statute § 75-16.1.

9. CMH be ordered to pay True Homes interest, costs, and reasonable attorneys' fees, as well as prejudgment and post-judgment interest on all monetary awards; and

10. True Homes be awarded any other just relief as the Court may deem just.

## Jury Trial Demand

Plaintiff True Homes requests trial by jury on all matters so triable.

This 29th day of June, 2018.

Respectfully submitted,

/s/ Mark R. Hinson
Mark R. Hinson, Esq.
N.C. Bar No. 38244

HINSON FAULK, P.A.
309 Post Office Drive
Indian Trail, North Carolina 28079
Tel: (704) 684-0034
Fax: (704) 684-0035
Email: mhinson@hinsonfaulk.com


/s/Albert P. Allan
Albert P. Allan, Esq.
N.C. Bar No. 18882

ALLAN LAW FIRM, PLLC
409 East Boulevard
Charlotte, North Carolina 28203
Tel: (704) 371-5605
Fax: (704) 372-7411
Email: alallan@allaniplitigation.com