IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18-CV-00345-KDB-DCK

| | |
|---|---|
| TRUE HOMES LLC,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>CLAYTON HOMES, INC., ET AL.,<br><br>　　Defendants. | ORDER |

**THIS MATTER** is before the Court on Defendant Clayton Properties Group Inc.'s ("CPG") Motion to Sever and Transfer Pursuant to 28 U.S.C. § 1404(a) and Fed. R. Civ. P. 21 (Doc. No. 89). The Court has carefully considered this motion and the parties' briefs and exhibits in support and in opposition to the motion. For the reasons discussed below, the Court will exercise its discretion to **DENY** the motion.

### I.　　FACTS AND PROCEDURAL HISTORY

In this action, Plaintiff True Homes, LLC ("True Homes") asserts trademark infringement claims against Defendants, who are all related entities, based on the alleged use of the marks TRU and TRU HOMES, which True Homes contends infringe on its registered TRUE HOMES® mark. CPG's motion to sever and transfer arises from the brief history between True Homes and CPG. In 2016, True Homes CPG engaged in "exploratory business discussions" for a potential business acquisition. (Doc. No. 58 ¶ 24). On or about August 22, 2016, Plaintiff and CPG executed a non-disclosure agreement (the "Agreement") related to those discussions. The Agreement contains a forum-selection clause:

1

> 15. GOVERNING LAW. This Agreement shall be construed for all purposes in accordance with the laws of the State of Tennessee without regard to the conflicts of law provisions thereof. Any action brought in connection with this Agreement shall be brought in the federal or state courts located in Knox County, Tennessee, and the parties hereto hereby irrevocably consent to the jurisdiction of said courts.

The negotiations between Plaintiff and CPG did not result in a business relationship between the two companies, but in 2017 at least two defendants began selling modular and/or manufactured homes under the name TRU HOMES. The use of that mark in turn led to the filing of this case in June 2018. In January 2020, True Homes filed a Second Amended Complaint ("SAC") which removed and added a number of related parties, including CPG, who is the parent corporation for the other defendants.

On March 12, 2020, CPG filed a Motion to Dismiss Plaintiff's claims, arguing that it is not subject to personal jurisdiction in this district. (Doc. No. 64). CPG did not, however, mention or make any argument related to the Agreement's Forum Selection clause in that motion. On May 5, 2020, the Court deferred ruling on CPG's Motion to Dismiss, again emphasizing to the parties the necessity of focusing on the merits of the case. (*See* Doc. No. 84) (noting that the Court had previously "directed the parties to focus their litigation efforts 'towards an expeditious resolution of the core dispute on the merits of Plaintiff's claim of trademark infringement.'"). Thereafter, CPG filed its Answer to the SAC on May 19, 2020. (Doc. No. 87). CPG has also "responded to written discovery and been deposed by the Plaintiff." (Doc. No. 91 at 3, f.n. 3).

The instant motion, which asks the Court to sever the claims against CPG pursuant to Fed. R. Civ. P. 21 and then transfer the claims to the United States District Court for the Eastern District of Tennessee under 28 U.S.C. § 1404(a), was filed on June 11, 2020 and is now ripe for decision.

## II. DISCUSSION

The parties agree that pursuant to the Supreme Courts decision in *Atl. Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 66 (2013), § 1404(a) is the appropriate "mechanism for enforcement of forum-selection clauses." 571 U.S. at 59. Further, the parties agree that because § 1404(a) only authorizes the transfer of an entire lawsuit, *see Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1518 (10th Cir.1991) ("Section 1404(a) only authorizes the transfer of an entire action, not individual claims."), the Court must proceed in two steps. First, it must consider severing the claims against CPG under Federal Rule of Civil Procedure 21, thus creating an entirely new civil action, and only then may it transfer the severed civil action pursuant to § 1404(a). *See Toro Co. v. Alsop,* 565 F.2d 998, 1000 (8th Cir.1977) (recognizing propriety of district court severing claims under Rule 21 and then transferring them under § 1404(a)).

District courts have "virtually unfettered discretion in determining whether or not severance is appropriate" under Rule 21. *Alvarez v. Lassiter*, 2018 WL 4643160, at *1 (W.D.N.C. Sept. 27, 2018). Nevertheless, CPG urges the Court to conflate the severance analysis with the § 1404(a) analysis such that if the Court finds that transfer is appropriate under § 1404(a) it should order the severance as a matter of course. *See Valspar Corp. v. E.I. DuPont de Nemours & Co.*, 15 F. Supp. 3d 928, 934–35 (D. Minn. 2014) ("If the Court were to conclude [that] the pertinent factors render transfer appropriate under § 1404(a), then severance, too, would be proper."); *Paduano v. Express Scripts, Inc.*, 55 F. Supp. 3d 400, 431 (E.D.N.Y. 2014); *see also United States for Use of D.D.S. Indus., Inc. v. Nauset Constr. Corp.*, 2018 WL 5303036, at *4 (D. Mass. Oct. 25, 2018) ("This District Court finds that where, as here, a motion to transfer under § 1404(a) is warranted, there is no need for a separate severance analysis."). Because, as set forth below, the Court does not find that it should transfer the case under § 1404(a), it need not decide how much,

3

if at all, the scope of its discretion to sever claims under Rule 21 is circumscribed by the assertion of a forum selection cause as the grounds for severance.[1] Accordingly, the Court now turns to the § 1404(a) analysis.

*Atlantic Marine* makes clear that "a proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" *Id.* at 59–60 (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)). Also, when a forum-selection clause is valid, "the plaintiff must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed." *Atl. Marine Const. Co.*, 571 U.S. at 64. The Court readily accepts these governing principles, but finds, for several reasons, the particular circumstances of this case make it an exceptional one such that the claims against CPG should not be severed or transferred.

The starting point for the application of *Atlantic Marine* is that the Court must find that the asserted forum selection clause is enforceable; that is, it must be "applicable to the claims at issue, valid, and mandatory." *Sharpe v. Ally Fin., Inc.*, 2017 WL 5078900, at *2 (W.D.N.C. Nov. 3, 2017). True Homes disputes whether the forum selection clause in the Agreement is in fact "applicable to the claims at issue," arguing that even giving a broad meaning to the forum selection clause's scope encompassing "[a]ny action brought in connection with this Agreement," the trademark claims asserted against CPG in this action do not have a "significant relationship to the contract." *See Bartels ex rel Bartels v. Saber Healthcare Grp., LLC,* 880 F.3d 668, 678 (4th Cir. 2018).

---

[1] The Court does note, however, that in the absence of the potential application of a forum selection clause there would be insufficient grounds to support severance of the claims against CPG and it would exercise its discretion to deny severance based on the clearly superior course of maintaining all of True Homes' claims against the related defendant entities in one action.

4

In response, CPG argues that even though it continues to argue that True Homes' claims are limited to trademark infringement (and does not argue that trademark infringement claims are made "in connection with" the Agreement), True Homes' pleadings establish the required connection between True Homes' claims and the Agreement. Specifically, CPG points out that the SAC references the Agreement to support the allegation that CPG "acquired confidential and proprietary knowledge" regarding True Homes, (Doc. No. 58 ¶¶ 25– 27), and further notes Plaintiff's argument in its response to CPG's Motion to Dismiss that True Homes' claims against CPG go "beyond" infringement and it is "plausible that Clayton Homes used that proprietary information in determining how, when, and where to introduce its TRU HOMES branded products." (*See* Doc. No. 70 at p. 12-13). In essence, for the purpose of this motion, the parties have switched sides, with the Plaintiff offering a narrower spin on its claims and CPG suggesting a broader scope. Ultimately, however, the Court need not resolve this close question because even assuming that the forum selection clause in the Agreement is applicable to the claims against CPG, the public factors the Court must consider in determining whether to transfer the claims under § 1404(a) counsel that the Court should exercise its discretion to deny the transfer.

Unlike a typical § 1404(a) analysis in which the court must weigh the relevant factors and decide whether, on balance, a transfer would serve the "convenience of parties and witnesses" and otherwise promote the "interest of justice," if a valid, applicable forum selection clause governs, only public not private factors may be considered. *Atl. Marine*, 571 U.S. at 62-64. In effect, a forum selection clause reverses the presumptions that would otherwise apply: instead of favoring the plaintiff's chosen forum, the court "must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id*.

Still, ignoring the Plaintiff's choice of forum and any private convenience factors that might favor Plaintiff does not end the inquiry. Public interests and the overall interest of justice must be considered. These "public-interest" factors include "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (4) the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty." *Brown v. Advanced Dig. Sols., LLC*, 2017 WL 3838640, at *9 (W.D.N.C. Sept. 1, 2017). There is also a public interest in conserving judicial resources. *Univ. of Tennessee v. Elliott*, 478 U.S. 788, 798 (1986).

The Court finds that the interests of justice and the public factors are not served by transferring the claims against CPG. First, unlike the defendants in *Atlantic Marine* and the cases cited by CPG, CPG is not a sole defendant or unrelated to its co-defendants. Rather, it is a related party (indeed, it is the parent corporation) of the other defendants and is represented by the same counsel. Accordingly, not considering at all any interest of the Plaintiff in trying all the claims in one action, it is hard to see how *CPG* has any legitimate interest in requiring the claims against it to be brought in Tennessee. Rather, it appears that CPG's interest in doing so is simply to create additional litigation expense for True Homes, with the byproduct of requiring (and wasting) the time and effort of the judicial officers, staff and jurors of the Eastern District of Tennessee. Such vexatious litigation is plainly not in the public interest.

6

Also, this action is at an unusually advanced stage, nearly at the end of discovery.[2,3] While Plaintiff bears responsibility for waiting until January 2020 to include CPG as a defendant, CPG has not been at all diligent in seeking to enforce the forum selection clause.[4] Instead, CPG filed a Motion to Dismiss that failed to mention the clause, and CPG admits that it was only after the Court deferred ruling on the motion that CPG decided to pursue a motion to sever and transfer six weeks later. CPG's intentional delay in seeking a transfer is thus most accurately described as "forum shopping" rather than "forum selection." Rewarding and thereby encouraging such tactics is not in the public interest.

In sum, this is the rare and exceptional case in which, ignoring any of Plaintiff's private interests and choice of forum, the Court finds that the public factors do not support transfer of the claims against CPG to the Eastern District of Tennessee. Given the particular circumstances of this action, including that CPG is a related party to all the remaining defendants and the case is nearly

---

[2] Indeed, discovery would in fact be at an end except that Magistrate Judge Keesler extended it *sua sponte* after Defendants tried to take advantage of an inadvertent mistake that he made in a case management order. The order mistakenly set discovery limits by "party" rather than "side" (even though both parties had asked for the limits to be set per side). Defendants then ignored their earlier agreement, arguing for 30 interrogatories, etc. for each of the eight related Defendants. Judge Keesler ultimately fixed the error, but because much time was wasted with the unnecessary motion practice gave the parties an extra month to finish discovery.

[3] As noted above, discovery has already apparently been completed or is nearly so with respect to CPG, who has responded to written discovery and appeared for a deposition.

[4] In support of its supposed timeliness, CPG cites to the Court *directPacket Research, Inc. v. Polycom, Inc.*, 2019 WL 8065832, at *3–4 (E.D. Va. July 3, 2019) (enforcing a forum- selection clause and granting motion to transfer venue where defendant asserted a forum-selection clause eight months after being sued and after it had "filed a number of substantive pleadings"). However, *directPacket* is readily distinguishable because the key facts that the court relied on – that the defendant changed counsel and new counsel filed the transfer motion only one week after appearing in the action – are not present in this case.

over, the Court will exercise its discretion not to burden our sister court or the fine people of Tennessee with this matter, which should be concluded in this Court.

### III. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant Clayton Properties Group Inc.'s ("CPG") Motion to Sever and Transfer Pursuant to 28 U.S.C. § 1404(a) and Fed. R. Civ. P. 21 (Doc. No. 89) is **DENIED; and**

2. This case shall **proceed on the remaining claims** in the absence of a voluntary resolution of the dispute among the parties in accordance with the previous orders of this Court.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: July 31, 2020

Kenneth D. Bell
United States District Judge