IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18-CV-00345-KDB-DCK

TRUE HOMES LLC,

    Plaintiff,

    v.

CMH MANUFACTURING, INC.,
ET AL.,

    Defendants.

**ORDER**

    **THIS MATTER** is before the Court on the Parties' request for clarification of the timing of the presentation of evidence related to "damages," most specifically evidence of the Defendants' sales and profits related to Plaintiff's claim for equitable disgorgement. In its Order on the Parties' Motions for Summary Judgment, the Court stated that it would "wait to rule on the amount of damages or profits to which Plaintiff is entitled (without directing that issue to the jury) until after all the evidence has been presented and the jury has determined if trademark infringement has been established." Doc. No. 128 at 20. However, in making this ruling, the Court did not specify whether damages evidence would be presented to the jury or only to the Court following a jury's verdict of infringement. This led to questions from the Parties and a telephone conference with counsel on March 1, 2021 to discuss the issue. The Court now clarifies, to the extent it can do so prior to trial and the introduction of evidence, how and when it expects "damages" evidence to be presented.

    Plaintiff informs the Court that it intends to present "damages" evidence in at least two ways. Although it will not present evidence of sales lost directly to the Defendants (i.e. evidence that someone purchased one of Defendants' mobile or site-built homes instead of Plaintiff's), it

1

does intend to offer evidence of "reputational" harm related to the alleged infringement as a consequence of Defendants' size in the housing market, the reach of its website, etc. Defendants have expressed two concerns related to this evidence. First, Defendants ask that Plaintiff not be permitted to offer evidence of Defendants' sales or profits (or other financial information commonly found on a balance sheet or income statement) to the jury. Second, Defendants want to offer evidence to the jury of Plaintiff's lack of lost sales and increased revenues and profits during the relevant period, purportedly in rebuttal to this "reputational" damages evidence.

The Court agrees with Defendants that evidence of their sales, profits or other financial information should not be presented to the jury but instead presented only to the Court in connection with Plaintiff's claims for disgorgement.[1] However, Plaintiff will be permitted to present to the jury non-financial evidence of the general size and scope of Defendants' operations in connection with its claim of trademark infringement / likelihood of confusion. For example, if true, Plaintiff may offer evidence that Defendants are the "largest" manufacturers of mobile homes in the country, the overall number of homes sold, number of locations, advertising expenditures, etc. In turn, the scope of the "rebuttal" evidence that Defendants will be permitted to introduce will depend on the specific evidence of "reputational" harm presented by Plaintiff. The Court's goal will be to permit Defendants a full opportunity to respond to Plaintiff's evidence, while not creating an unfair imbalance in the financial information being presented to the jury about the parties. In sum, the Court must wait to rule on the admission of Defendants' rebuttal evidence to the jury until Plaintiff's evidence is presented.

---

[1] This ruling assumes that Defendants do not through their presentation of evidence, argument or otherwise "open the door" to such evidence during the jury portion of the trial.

Again, the primary "financial" evidence Plaintiff intends to introduce and Defendants intend to rebut relates to Plaintiff's claim for equitable disgorgement under the Lanham Act, 15 U.S.C. § 1117(a). Because the Court will exercise its discretion to "assess such profits and damages" without submitting that question to the jury, the Court finds that "disgorgement" witnesses and evidence (including Defendants' experts) should not be presented to the jury, but rather only to the Court (if necessary upon a jury finding of infringement). Therefore, the Court will "bifurcate" the trial, determining Plaintiff's entitlement to disgorgement damages after the conclusion of the jury's service.

To the extent that further questions regarding damages evidence arise as the Parties prepare for trial, the Court can address those questions at the pretrial conference, which will be held March 22, 2021 (and will be the subject of a separate order).

**SO ORDERED ADJUDGED AND DECREED**.

Signed: March 2, 2021

Kenneth D. Bell
United States District Judge